IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JOSEPH JONES, JR.                                                                                          PLAINTIFF

v.                                           Civil No.  2:22-cv-02033

OFFICER JAMES,                                                                                          DEFENDANTS
Sebastian County Detention Center

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed under 42 U.S.C. § 1983.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable P. K. Holmes, III, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Currently before the Court is Plaintiff's failure to obey a Court Order and failure to prosecute this case.

### I.   BACKGROUND

On February 15, 2022, Plaintiff, Joseph Jones, Jr. ("Jones"), filed his complaint, along with an application to proceed in forma pauperis ("IFP").  (EFC Nos. 1, 2).  Jones claims the Defendant, Officer James ("James"), used excessive force when he choked Jones on February 3, 2022, at the Sebastian County Detention Center, causing injury to his throat.  (EFC No. 1 at 4).  Jones said Defendant James did it for no reason, and Jones is seeking $500,000 for medical bills and pain and suffering.  (*Id.* at 5).

Jones was ordered to provide the Court with a completed certificate of account in support of his application to proceed IFP.  (EFC No. 3).  The Order stated that additional information was needed to rule on the IFP application, and Jones was advised that failure to comply with the Order within the time period specified (by March 8, 2022) could result in summary dismissal for failure

1

to obey a court order. (*Id*. at 1). The Order also stated that failure to inform the Court of an address change shall result in the dismissal of this case. (*Id*. at 2). The Order was mailed to Jones at the Sebastian County Detention Center (his last known address) but was returned as "not deliverable as addressed" on February 28, 2022. (EFC No. 5). Jones was required to provide the Court with his new address by March 30, 2022, but he has failed to do so. (EFC No. 3 at 1).

## II.    LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . .. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

## III.    ANALYSIS

Jones must comply with substantive and procedural law. Jones must also comply with any order of the Court or risk having his case dismissed. Jones did not notify the Clerk, and the other

parties to the proceeding, that his address has changed.  Mail sent to Jones at the Sebastian County Detention Center, his last known address, was returned to the Court as undeliverable.  Jones has not given proper notification of his address change, in violation of Local Rule 5.5(c)(2).  Likewise, Jones' failure to respond within 30-days to the IFP Order is in violation of Rule 5.5(c)(2).  Further, by failing to respond to the IFP Order Jones has violated Fed. R. Civ. P. 41(b), which requires him to comply with any court order.

### IV.     CONCLUSION

For the reasons stated above, it is recommended that Plaintiff's Complaint (ECF No. 1) be DISMISSED WITHOUT PREJUDICE.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 12th day of April 2022.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE